### In re H. J. WALKER CO.

### Petition of CENTRAL NAT. BANK SAVINGS & TRUST CO.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1925.)

No. 4207.

Bankruptcy ☞447—Order based on statute subsequently adjudged unconstitutional reversed.

An order of a court of bankruptcy giving priority to a claim of the state for franchise taxes assessed against bankrupt, a foreign corporation, must be reversed, where, pending appeal therefrom, the statute under which the tax was imposed was declared unconstitutional by the Supreme Court of the United States.

Petition to Revise an Order of the District Court of the United States for the Northern District of Ohio; Paul Jones, Judge.

In the matter of the H. J. Walker Company, bankrupt. Petition of the Central National Bank Savings & Trust Company, trustee, to revise an order of the District Court. Reversed and remanded.

Ben H. Davis, of Cleveland, Ohio (Treadway & Marlatt, of Cleveland, Ohio, on the brief), for petitioner.

C. C. Crabbe, Atty. Gen., of Ohio, Wilbur E. Benoy, Sp. Counsel, of Columbus, Ohio, and David E. Green, Sp. Counsel, and Herbert D. Palmer, both of Cleveland, Ohio, for respondent.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. This is a petition to revise an order of the District Court in a bankruptcy proceeding. The question presented is whether a mortgage filed for record in 1920 is a prior lien to a franchise tax of a foreign corporation for the years 1921 and 1922. This franchise tax was assessed under section 8728—11, General Code of Ohio, which provides that each foreign corporation having common stock without par value shall pay annually, for the privilege of exercising its franchise in Ohio, 5 cents per share upon the proportion of the number of shares of authorized common stock represented by the property owned and used and business transacted in this state.

It is claimed on behalf of the state of Ohio that, under the provisions of section 5506, General Code, as amended by the Act of March 29, 1921 (109 Ohio Laws, p. 94), and approved by the Governor on April 25, 1921, that this franchise tax is a first and best lien on all property of a public utility or corporation as of the last day of the month fixed for the filing of its annual report. Amended section 5499, which is a part of the same act and took effect at the same time, requires this report to be filed in July of each year.

It is the claim of the trustee for the mortgage bond holders, that under the provisions of section 8542 of the General Code of Ohio the mortgage took effect from the time it was filed for record, and that a statute passed after the lien of the mortgage attached, cannot affect or impair its validity or priority over subsequent liens.

The referee held that under the express provisions of section 5506, General Code, the lien of the state for the franchise tax of 1921 and 1922 was the first and best lien on all the property of the bankrupt, and en-

titled to priority in payment out of the proceeds thereof, as against all other liens, including the lien of the mortgage filed for record in 1920. This finding was approved and confirmed by the District Court. The question of the validity of the tax was not raised before the referee or the District Court. On the contrary, it appears by the report of the referee that the validity of this tax was conceded.

Pending this appeal, the Supreme Court of the United States has held that the Ohio statute under which this franchise tax was assessed (8728—11) is unconstitutional. Air-Way Electric Appliance Corp. v. Day, Treas., 266 U. S. 71, 45 S. Ct. 12, 69 L. Ed. ——. It necessarily follows that a tax assessed under the authority of an unconstitutional statute is invalid. The fact that the question of the constitutionality of this statute has not heretofore been questioned in this case is of no importance. The Supreme Court has held the statute unconstitutional, and that holding necessarily implies that a tax assessed under its provision is invalid, and imposed without any authority of law.

The Supreme Court of Ohio has held that, where an unconstitutional statute contains a clause repealing a prior valid law, for which the latter statute was a substitute, the repealing clause would also be held inoperative, in the absence of an expressed intention to repeal the prior law, without regard to the substitute. State ex rel. Walton v. Edmondson, 89 Ohio St. 351, 364, 106 N. E. 41. The application of this doctrine cannot be helpful in this case, first, for the reason that it is admitted that this franchise tax was assessed under the unconstitutional statute; second, the statute repealed provides the same bases for the computation of this tax, which the Supreme Court held to be arbitrary and having no relation whatever to the value of the privilege of doing business in Ohio. The same constitutional objection obtains as to the next preceding statute, and prior legislation has no application whatever to corporations having non-par common stock.

It is claimed, however, on behalf of the state, that the record does not show the petitioner to be harmed by the application of the tax statute as applied by the court below, as was the Air-Way Corporation. The Supreme Court held, however, that not only the method of computation in the Air-Way Case, but the act itself, was violative of the commerce clause; that the fee imposed is arbitrary, and has no relation to the value of the privilege of doing business in Ohio; that the act in its practical application does not require like fees for equal privileges held by foreign corporations in Ohio under the same circumstances; that the act has no tendency to produce equality, and there is no reasonable presumption that substantial equality will result from its operation, and for that reason violates the equal protection clause of the Fourteenth Amendment.

In view of the holding of the Supreme Court that this statute is basically unconstitutional, it is wholly unnecessary to consider or determine the question of priority. The order and decree of the District Court, confirming and approving the finding of the referee, is reversed, solely for the reason that the statute under which this franchise tax was assessed is unconstitutional and void. The cause is remanded, with direction to enter a decree in accordance with this opinion.